**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4241**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NICHOLAS ANTONIO BROWN, a/k/a Gay Nick,

Defendant - Appellant,

**No. 22-4245**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NICHOLAS ANTONIO BROWN, a/k/a Gay Nick,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:21-cr-00322-M-1; 5:21-cr-00115-M-5)

Submitted:  December 30, 2022                    Decided:  January 13, 2023

Before WILKINSON, AGEE, and HARRIS, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**ON BRIEF:** Sophia L. Harvey, LIAO HARVEY PC, Winston-Salem, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nicholas Antonio Brown pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, 28 grams or more of cocaine base, and quantities of cocaine and fentanyl, in violation of 21 U.S.C. § 846 in case No. 5:21-cr-00115-M-5 ("the conspiracy case"). In case No. 5:21-cr-00322-M-1, Brown pled guilty pursuant to a plea agreement to maintaining a premises for the purpose of manufacturing, distributing, and using cocaine base, cocaine, and methamphetamine, in violation of 21 U.S.C. § 856(a)(1) ("the premises case"). The district court granted the Government's motion for a downward departure below the statutory minimum applicable in the conspiracy case and sentenced Brown to concurrent prison terms of 48 months. Brown appeals from the criminal judgments entered in both cases. Brown's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as issues for review whether the 48-month terms are procedurally and substantively reasonable and whether the district court reversibly erred in accepting Brown's guilty pleas. Brown was informed of his right to file a pro se supplemental brief, but he has not done so. Invoking the appeal waiver in Brown's plea agreement, the Government moves to dismiss these appeals. Brown's counsel has responded. For the reasons that follow, we grant the Government's motions to dismiss.

Pursuant to a plea agreement, a defendant may waive his appellate rights. *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). Where, as here, the Government seeks enforcement of an appeal waiver and there is no claim that it breached its obligations under the plea agreement, we will enforce the waiver to preclude an appeal of a specific issue if

3

the waiver is valid and the issue falls within the scope of the waiver. *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law we review de novo. *Id.*

The validity of an appeal waiver depends on whether the defendant knowingly and voluntarily waived his right to appeal. *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018). To determine whether a waiver is valid, we examine "the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *Id.* (internal quotation marks omitted). "Generally . . . if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver," the waiver is both valid and enforceable. *Id.* (internal quotation marks omitted).

We have thoroughly reviewed the record and conclude that Brown knowingly and voluntarily waived his rights to appeal. In the plea agreement, Brown waived the rights to appeal his conviction and "whatever sentence is imposed on any ground." Brown also agreed that this waiver applied in the premises case and in the conspiracy case. The challenges to Brown's convictions and sentences counsel raises for review fall squarely within the scope of Brown's valid waiver of appellate rights. We also have examined the entire record in accordance with the requirements of *Anders* and have found no meritorious issues for appeal falling outside the scope of the appeal waiver. Accordingly, we grant the Government's motions to dismiss.

4

This court requires that counsel inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*DISMISSED*